UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00399-MOC

| | ) |
|---|---|
| **ANTONIO MOSLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on defendant's Motion to Compel Attorney Carole Melissa Owen to Surrender the Case In File (#5). As the court has attempted to emphasize with petitioner in a number of recent orders responsive to his pre-Answer attempts to compel discovery, the parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). "Claims of ineffective assistance of counsel are common in habeas actions, but allowing discovery before the government has even answered the petition is not common." United States v. Prado, 2009 WL 4018147, 1 (E.D.Cal. Nov. 18, 2009). In disposing of a nearly identical motion filed by petitioner, the district court in Prado held, as follows:

> The same reasoning applies to movant's motion for an order directing one of his former attorneys, Victor Haltom, to surrender his case file to movant for the purpose of movant's pursuing his motion to vacate his sentence.FN3 Movant states that he has tried to contact Haltom with his request, to no avail. Movant's motion also is premature and procedurally untenable: the proper mechanism for movant to procure material from Haltom is through a subpoena duces tecum—a mechanism movant may use only after the court authorizes discovery. If, after receiving the government's answer, movant still believes he needs Haltom's case file to pursue his motion to vacate his sentence, the court will entertain a motion for discovery.

1

Id. at *2. As did that court, this court will deny the motion *without prejudice* "[b]ecause there is the possibility that after respondent answers there will be good cause for discovery related to the claims of ineffective assistance of counsel or other claims …." Id.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Compel Attorney Carole Melissa Owen to Surrender the Case In File (#5) is **DENIED** without prejudice.

Signed: August 29, 2014

Max O. Cogburn Jr.
United States District Judge

2