UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00399-MOC

| | |
|---|---|
| **ANTONIO MOSELY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion to Grant Section 2255 Motion (#13), Motion to Dismiss (#16), Motion to Dismiss the Indictment for Vindictive Prosecution and Prosecutorial Misconduct (#18), Motion to Dismiss By Default (#19), and Motion to Consolidate Motions (#20).

Among other reasons, petitioner primarily argues that the government's yet-to-be filed response should be dismissed, his petition granted, and the indictment dismissed because the government failed to file its last motion for extension of time before the time previously allowed expired. Petitioner is correct that the government filed its second motion for extension of time a day late; however, petitioner is wrong that such misstep results in default or entitles him to any relief. In fact, long-settled law provides that the law strongly disfavors motions for default. Tazco, Inc. v. Dir., Office of Workers Comp. Program, 895 F.2d 949, 950 (4th Cir. 1990). Indeed, "[t]he harsh entry of default is not proper if the mistake was inadvertent, quickly reconciled, and the opposing party suffered no prejudice." Harris v. Ann's House of Nuts, 2013 WL 5592936, * 2 (E.D.N.C. Oct. 10, 2013). It is readily apparent from the motion that good

cause for such one-day delay exists under Rule 6(b)(1)(B), Fed.R.Civ.P., as present counsel for the government took over the case after the departure from employment of another attorney, making the one day delay reasonably excusable. Despite petitioner's multiple filings, he has not shown how such delay in any manner caused him prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Grant Section 2255 Motion (#13), Motion to Dismiss (#16), Motion to Dismiss the Indictment for Vindictive Prosecution and Prosecutorial Misconduct (#18), Motion to Dismiss By Default (#19), and Motion to Consolidate Motions (#20) are **DENIED**.

Signed: November 14, 2014

Max O. Cogburn Jr.
United States District Judge