UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00399-MOC

| | | |
|---|---|---|
| **ANTONIO MOSLEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's "Motion to Alter or Amend the Judgment or Motion for Reconsideration" (#30) and the government's "Motion to Suspend" (#33).

I.

As to the petitioner's Motion to Alter or Amend the Judgment or Motion for Reconsideration, no judgment has been entered in this civil action, and the court, construing the motion liberally for the pro se petitioner, deems the request to be a Motion to Reconsider its Order (#24) denying petitioner's Motion to Recuse (#23).

As a preliminary matter, petitioner's Motion to Reconsider has been filed during the pendency of two appeals filed by petitioner in this matter to the Court of Appeals for the Fourth Circuit. In the first Notice of Appeal (#26), petitioner seeks review of this court's Order (#12) granting respondent an extension of time to Answer or otherwise respond to his petition. In the second Notice of Appeal, petitioner seeks review of this court's Order (#24) denying petitioner's

-1-

Motion to Recuse (#23).  Thus, not only is this matter on appeal, petitioner now seeks reconsideration of an Order which is already before the Court of Appeals.

Rule 62.1 of the Federal Rules of Civil Procedure governs consideration of motions filed in the district court during the pendency of an appeal.  In particular, Rule 62.1(a) provides, as follows:

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed.R.Civ.P. 62.1.  In addition, a court may consider a listed motions under Rule 4(a)(4) of the Federal Rules of Appellate Procedure, including motions filed under Rule 60, Federal Rules of Civil Procedure, for reconsideration during the pendency of an appeal.

The court has reviewed petitioner's Motion to Reconsider its Order denying petitioner's Motion to Recuse.  Petitioner presents nothing new in this motion as such request appears to be a continuation of his unfounded theory that the court was in league with the government at sentencing.  In relevant part, petitioner argues, as follows:

> Finally, Petitioner states that as a result of the events at the Janurary 7 2013 Sentencing Hearing and state 'Judge Max O. Cogburn, Jr.' is a material apart of the alleged misconduct against the Government in his § 2255 Motion to Vacate claim he presiding over.  Judge Cogburn, Jr. knew that the Government "improper [1y] threatened Petitioner but he failed to correct the misconduct and constitutional violation.
> In Judge Max O. Cogburn, Jr. Order [#24] denying relief, this Court concluded that "Petitioner has, however, failed to set forth any facts that would lead a reasonably objective person to doubt the impartiality of    this Court. 28 U.S.C.§ 455 (a),(b)."
> Petitioner respectfully submits , however , that there are numerous factual and complex legal issues that need to be resloved  with the assistance of

> counsel and the benefit of investigation, discovery, an evidentiary hearing on this matter (i.e.) Motion To Recuse , prior to the final resolution of Petitioner's motion to Vacate.

Motion to Reconsider (#30) at 6-7 (errors in the original). Again, petitioner has failed to set forth any facts – as opposed to conclusory allegations – that would lead a reasonably objective person to doubt the impartiality of this court. 28 U.S.C. § 455(a), (b). Indeed, petitioner's allegation of court collusion with the government is not only unfounded, it is implausible as it fails to mention or take into consideration that at sentencing, the court *granted* his motion for a downward variance *over* the government's objection, giving petitioner a sentence that was substantially below the advisory guidelines.

The court will, therefore, grant the Motion to Reconsider, and after fully considering petitioner's original motion and the additional arguments presented in the Motion to Reconsider, again deny the Motion to Recuse as there is no evidence beyond petitioner's speculation to support his rather incredible allegation of collusion. See United States v. DeTemple, 162 F.3d 279, 286 (4th Cir.1998).

II.

As to the respondent's Motion to Suspend, the government cites a number of cases that, while still good law, were decided well before Rule 62.1 was implemented.

The court does, however, agree, that it would be a waste of resources to require the government to Answer or otherwise respond to the petition while petitioner pursues his appellate claims that he is entitled to default on that petition and that this court was in league with the government at sentencing. Further, the volume of petitioner's filings with this court also counsel

a stay pending appeal so that the parties may focus their efforts on the appeal.1  Petitioner is advised that this means that not only will the government not be required to respond to his petition until the appeal is over, the court will not promptly address petitioner's motions or letters, as it has attempted to diligently do, until the matter is returned from the circuit court and any mandate issues.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) petitioner's "Motion to Alter or Amend the Judgment or Motion for Reconsideration" (#30) is **GRANTED**, and after reconsideration, the court's Order denying petitioner's Motion to Recuse is **REAFFIRMED** and the Motion to Recuse is **DENIED**;

(2) respondent's "Motion to Suspend" (#33) is **GRANTED**, and the requirement of filing an Answer or other response to the Petition is **SUSPENDED** and this matter is **STAYED** pending resolution of petitioner's appeals.

Signed: December 4, 2014

Max O. Cogburn Jr.
United States District Judge

---

1 Petitioner made 37 post-plea filings with this court in the criminal action despite being represented by one of the most experienced, privately retained criminal defense attorneys in the Charlotte Bar.  In this civil action, between the filing of his Petition and before the respondent has answered, petitioner has made 15 pro se filings.