**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:14-cv-399-RJC**
**(3:11-cr-336-RJC-1)**

| | | |
|---|---|---|
| ANTONIO MOSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Reopen 2255 Proceedings

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure," (Doc. No. 98); on Petitioner's

"Motion to Reopen 2255 Proceedings," (Doc. No. 99); Petitioner's "Motion for Discovery,"

(Doc. Nos. 101, 102); and on the Government's "Motion to Amend/Correct Response to

Petitioner's Motion to Reopen," (Doc. No. 105).

**I.        BACKGROUND**

In 2012, Petitioner entered a straight-up guilty plea to being a felon in possession of a

firearm.  (Crim. Case No. 3:11cr336, Doc. No. 16: Acceptance and Entry of Guilty Plea).  This

Court varied downward and imposed a sentence of 100 months of imprisonment.  (Id., Doc. Nos.

67-68: Judgment and Statement of Reasons).  Petitioner timely appealed, arguing only that he

had received ineffective assistance of counsel.  The Fourth Circuit affirmed, finding that the

record did not conclusively establish ineffective assistance.  United States v. Mosley, 552 F.

App'x 267, 268 (4th Cir. 2014).

In July 2014, Petitioner filed his underlying motion to vacate pursuant to 28 U.S.C. §

1

2255, raising seven claims.  (Civ. Doc. No. 1).  He subsequently filed numerous additional

motions, memoranda, and documents in this proceeding, some of which included additional

claims.  On July 13, 2017, this Court denied Petitioner's motion to vacate, denied six outstanding

motions, and granted six outstanding motions.  (Civ. Doc. No. 90 at 34).

On July 27, 2017, Petitioner filed a motion to alter or amend the judgment pursuant to

Federal Rules of Civil Procedure 59(e) and 60(b)(6).  (Civ. Doc. No. 92).  In the motion,

Petitioner asserted, inter alia, that this Court had erred in stating that there was no evidence that

Petitioner had been misadvised as to his status as an armed career criminal and that there was no

evidence that any plea agreement had been extended to Petitioner; that appellate counsel should

have argued that this Court impermissibly participated in his plea discussions; and that the

Government had withheld ATF records and a copy of a statement from his daughter.  (Id. at 15-

17, 21-24).  However, Petitioner moved to withdraw this motion three weeks later, and he

instead filed a notice of appeal seeking a certificate of appealability (COA) from the Fourth

Circuit.  (Civ. Doc. Nos. 94, 95).

Petitioner filed an informal brief and a supplemental informal brief in the Fourth Circuit.

Mosley v. United States, No. 17-7129 (4th Cir. 2017), ECF Nos. 6-1, 11.  He argued that: (1) this

Court erred by failing to hold an evidentiary hearing to resolve his claims; (2) the evidence was

insufficient to enhance his sentence; (3) this Court erred by failing to consider whether Judge

Cogburn improperly participated in plea negotiations; (4) counsel was ineffective for failing to

adequately plea bargain on his behalf; (5) appellate counsel was ineffective for failing to raise a

claim of vindictive prosecution; (6) his guilty plea was unknowing and involuntary and he was

deprived of the effective assistance of counsel due to the government's failure to disclose

evidence (citing evidence regarding gunshot residue analysis, evidence from the ATF, and a

statement from his daughter); (7) counsel's advice regarding whether he was subject to a sentence enhancement was ineffective; (8) an evidentiary hearing should have been held to determine whether there was a plea offer and whether counsel provided ineffective assistance in failing to adequately communicate this offer to Petitioner; and (9) the Government failed to disclose gunshot residue analysis, video surveillance, ATF records, and witness statements, in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). (Id., ECF No. 11).

While his application for a COA was pending, Petitioner filed the present motion to reopen on October 10, 2017, citing Federal Rule of Civil Procedure 60. (Civ. Doc. No. 98 at 1). Two months later, he filed a supplement to his motion to reopen, seeking to add a claim that this Court failed to adjudicate the claim that his appellate attorney provided ineffective assistance by failing to argue on appeal that this Court had improperly participated in plea negotiations. (Civ. Doc. No. 99 at 4-5).

On January 8, 2018, this Court ordered the Government to file a brief response to these motions. (Civ. Doc. No. 100). Petitioner subsequently filed a motion for discovery. (Civ. Doc. Nos. 101-102). On February 1, 2018, the Fourth Circuit granted Petitioner's motion to file a supplemental informal brief, but denied Petitioner's request for a COA, finding that he had not made a substantial showing of the denial of a constitutional right. (Civ. Doc. No. 103). The Government filed its brief on February 7, 2018, and its pending motion to amend/correct response on February 8, 2018. (Doc. Nos. 104, 105). Petitioner filed a Reply on February 21, 2018. See (Doc. No. 108).

Petitioner seeks to reopen the denial of his motion to vacate, citing Federal Rule of Civil Procedure 60(a), (b)(1), (b)(4), and (b)(6). Petitioner bases his motion on alleged factual errors by the Court. In particular, he contends that this Court erred by stating: (1) that there was no

3

evidence that Petitioner was misadvised as to his plea; (2) there was no evidence that a plea offer was made to Petitioner; (3) that it was not clear that any evidence had been withheld from Petitioner; (4) that he had not presented competent evidence that any statement from his daughter had been withheld from him; and (5) that the Government had filed a responsive pleading to all of Petitioner's claims. (Civ. Doc. No. 98 at 4-13). In his motion to supplement the motion to reopen, Petitioner argues that this Court failed to address his claim that appellate counsel provided ineffective assistance by not arguing on direct appeal that Judge Cogburn had improperly participated in plea negotiations. (Civ. Doc. No. 99 at 4-5).

## II.    DISCUSSION

As noted, in his various motions pending before the Court, Petitioner has moved to reopen his 28 U.S.C. § 2255 proceedings, citing Federal Rule of Civil Procedure 60(a) and (b)(1), (4), (6).

A. Petitioner does not qualify for relief under Rule 60(a).

Rule 60(a) provides relief for corrections based on clerical mistakes, oversights, or omissions. Such mistakes may be ministerial in nature, or may be necessary to clarify an order to reflect the court's original intent, where some ambiguity exists. See Sartin v. McNair Law Firm PA, 756 F.3d 259, 265-66 (4th Cir. 2014). Petitioner has not shown that the alleged errors by this Court qualify as the type of ministerial mistakes or clarifications of ambiguity that may be corrected under Rule 60(a). Rather, he seeks to forge new ground by contending that the alleged errors would cause this Court to change its reasoning, as well as to change the result of the proceeding.

B. Petitioner does not qualify for relief under Rule 60(b).

The grounds on which a court may relieve a party from a final judgment pursuant to Rule

4

60(b) are limited.  Initially, a party must demonstrate that his motion (1) is timely; (2) presents a meritorious defense; (3) will not unfairly prejudice the opposing party; and (4) establishes exceptional circumstances.  Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017); Dowell v. State Farm Fire & Cas. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).  Additionally, the movant must not have been able to seek such relief on direct appeal.  Aickens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (recognizing that a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved" and that a Rule 60(b) motion is not a substitute for an appeal).  The Supreme Court has recognized that the extraordinary circumstances necessary to reopen a final judgment "will rarely occur in the habeas context."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citing Rule 60(b)(6)).

Once a party meets the threshold requirements, he also must show that he meets the requirements under one of the subdivisions of Rule 60(b).  A motion under 60(b) must be made "within a reasonable time" and under Rule 60(b)(1), not more than a year after entry of the judgment.  FED. R. CIV. P. 60(c)(1).  Rule 60(b)(1) allows relief for "mistake, inadvertence, surprise, or excusable neglect."  Pursuant to Rule 60(b)(4), a court may grant relief where a judgment is void for lack of personal or subject-matter jurisdiction or where a court "acted contrary to due process of law."  Wells Fargo, 859 F.3d at 299.  Finally, under Rule 60(b)(6), a court may grant relief in "extraordinary circumstances" for "any other reason that justifies relief."  Id.  A motion seeking a remedy for a defect in the collateral review process properly presents a Rule 60(b) claim.  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).  By contrast, a claim that presents new legal arguments or proffers of additional evidence attacking the petitioner's conviction or sentence "signif[ies] that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence."

Id.  This Court may review proper Rule 60(b) claims, but lacks jurisdiction to address a motion

attacking the substance of a conviction or sentence, since such motion is properly construed as a

successive motion to vacate and may only be considered after a movant obtains a COA from a

circuit court.  Id.  When a motion contains both proper and successive claims, the movant should

be given the opportunity to withdraw the improper claims or to have the entire motion treated as

successive.  Id.

     Although an attack on this Court's legal conclusions would be successive, because

Petitioner alleges that this Court committed factual errors based on the record before it, he is

alleging a defect in the collateral review process that may be considered under Rule 60(b).  See

Winestock, 340 F.3d at 207.  However, Petitioner cannot meet the threshold standards under

Rule 60(b) to obtain relief.  Petitioner sought relief for these allegations in his application for a

COA, and the issues that he raised before the Fourth Circuit covered all of the issues that he

raises here, with the exception of his assertion that this Court erred by stating that the

Government had responded to all of his claims.  Because the Fourth Circuit considered these

issues and determined that Petitioner had not made a substantial showing of the denial of a

constitutional right, Petitioner cannot show that his Rule 60(b) motion presents a meritorious

defense or exceptional circumstances.  Petitioner may not use Rule 60(b) to circumvent the

Fourth Circuit's decision and to again attack this Court's judgment on the same issues that he has

already raised.  Cf. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims

considered on direct review may not be recast "under the guise of collateral attack"); Rhoads v.

FDIC, 94 F. App'x 187, 188 (4th Cir. 2004) (affirming district court's finding that Rule 60(b)

claims were barred by the law of the case doctrine where these claims had previously been

considered on appeal); Wright v. Poole, 81 F. Supp. 3d 280, 286-87 (S.D.N.Y. 2014) (holding

the law of the case doctrine barred the court from granting petitioner's Rule 60(b) motion where issues had already been raised and rejected in an application for a COA). With respect to Petitioner's claim that this Court erred in stating that the Government had responded to all of his claims, this was not a substantive finding by the Court, and, even if true, it would not establish a meritorious defense or exceptional circumstances that would warrant granting Petitioner relief on his motion to vacate.

Even if this Court were to reach Petitioner's claims, he has not shown that he is entitled to relief under Rule 60(b). Although Plaintiff submitted an email evidencing a plea offer after the Government filed its response to his motion to vacate, see Civ. Doc. No. 61-2, at 38, as this Court has already determined, Petitioner has not shown that he could have negotiated a better plea deal had he known that he was not an armed career criminal, particularly in light of the fact that the Government was considering superseding the indictment to add additional charges. (Civ. Doc. No. 90 at 24). Therefore, this does not provide a basis for reopening this Court's judgment.

With respect to the alleged omission of this Court to address the prior judge's allegedly improper interference with plea negotiations, Petitioner did not properly raise this claim below. Rather than moving for leave to amend his motion to vacate to add this claim pursuant to Rule 15(a)(2), Petitioner tucked it into a supplemental memorandum in support of his motion to vacate. (Civ. Doc. No. 43 at 6-10). Even if this claim were to be considered, it is unfounded. Petitioner bases this contention on comments that the judge made during Petitioner's sentencing hearing, which was held after he had pleaded guilty. Thus, he has not presented a meritorious defense or shown exceptional circumstances.

In sum, Petitioner has not shown any factual errors with respect to his remaining claims,

nor has he shown that these claims would qualify for relief under the additional provisions in

Rule 60(b)(1), (b)(4), or (b)(6). Because Petitioner has not met the standards in Rule 60(a) or

(b), his motion to reopen is denied. Furthermore, for the same reasons, the Court will deny

Petitioner's other pending motions, including his motion for discovery.

III.     CONCLUSION

For the foregoing reasons, the Court will deny all of Petitioner's pending motions.

**IT IS, THEREFORE, ORDERED** that

1.     Petitioner's "Motion to Reopen 2255 Proceedings Pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure," (Doc. No. 98); Petitioner's "Motion to Reopen

2255 Proceedings," (Doc. No. 99); and Petitioner's "Motion for Discovery,"

(Doc. Nos. 101, 102), are **DENIED**.

2.     The Government's "Motion to Amend/Correct Response to Petitioner's Motion to

Reopen," (Doc. No. 105), is **GRANTED**.

3.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

484 (2000) (when relief is denied on procedural grounds, a petitioner must

establish both that the dispositive procedural ruling is debatable and that the

petition states a debatable claim of the denial of a constitutional right). Petitioner

has failed to make the required showing.

Signed: March 7, 2018

Robert J. Conrad, Jr.
United States District Judge